NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-11

IN RE APPLICATION OF WINWOOD.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Winwood,* Slip Opinion No. 2018-Ohio-11.]**

*Attorneys—Character and fitness—Failures to disclose criminal record on law-school applications—Pending application to take bar exam disapproved—Reapplication permitted, for July 2018 bar exam.*

(No. 2017-1114—Submitted October 17, 2017—Decided January 3, 2018.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 682.

_____

**Per Curiam.**

**{¶ 1}** Applicant, Mark Ainsworth Winwood, of Dayton, Ohio, is a 2014 graduate of the University of Dayton School of Law. In July 2016, he applied to register as a candidate for admission to the practice of law in Ohio, and in May 2017, he applied to take the July 2017 bar exam.

{¶ 2} Two members of the Dayton Bar Association admissions committee interviewed Winwood in December 2016, and the committee issued a preliminary report recommending that his character and fitness be approved. Because Winwood had been adjudicated a delinquent child for conduct that would be a felony if committed by an adult, his application was reviewed by the Board of Commissioners on Character and Fitness in accordance with Gov.Bar R. I(11)(D)(5)(a) and I(12).

{¶ 3} A panel of the board conducted a hearing on June 21, 2017. Based on findings that Winwood failed to disclose his past criminal conduct on his law-school applications and delayed correcting those omissions for many years, the panel recommended that we disapprove Winwood's pending applications but that we permit him to reapply as a candidate for the July 2018 bar exam. The board adopted the panel's findings of fact but recommended that we permit Winwood to reapply for the July 2019 bar exam at the earliest. There are no objections to the board's report or recommendation.

{¶ 4} We adopt the board's findings of fact and disapprove Winwood's pending applications. However, consistently with the panel's recommendation, we will permit him to reapply for the July 2018 bar exam.

### Findings and Recommendation of the Panel and Board

{¶ 5} The panel initially focused on Winwood's past criminal conduct. It carefully considered five juvenile offenses that he committed as a teenager in the early to mid-1980s. The panel also considered several misdemeanor offenses that Winwood committed as a young adult, the last of which occurred in 2001. Because all of those offenses occurred many years ago, however, the panel concluded that they offered little insight into Winwood's present character. Indeed, the panel noted that Winwood has had only a few minor brushes with the law in the last 16 years— two traffic violations and a civil case arising from a traffic accident—none

2

of which raise significant concerns about his present character, fitness, or moral qualifications.

**{¶ 6}** Although the panel acknowledged that Winwood has led a law-abiding life for many years, it expressed grave concern about his failure to disclose his criminal history on his 1996 and 2011 applications to the University of Dayton School of Law. At the hearing, Winwood acknowledged that he had affirmatively concealed his criminal record from the law school, in part due to his realization that full disclosure may have barred his admission. He testified that during his second year of law school, one of his law-school professors advised him to amend his law-school application to disclose all of his past criminal conduct. Despite receiving that advice in 2012, Winwood continued to attend classes and graduated in August 2014 without making any effort to amend his application. Moreover, he made no effort to amend his law-school application when he disclosed his past criminal conduct as part of the bar-admissions process in July 2016. Instead, he waited until April 2017—about 90 days before the bar exam he hoped to take—to "come clean" with the law school. When asked to explain his delay, Winwood stated that he "was building up to it, summoning [his] courage to finally put the past away and come clean with" the law school. The panel did not find his explanation compelling.

**{¶ 7}** The panel acknowledged that Winwood's criminal conduct is in the distant past and that he has served as a trusted paralegal at Winwood Rutledge, L.L.C., for almost ten years. Based on several positive character references that praise his hard work, good character, and ability to relate to clients, the panel found that he may one day be qualified to sit for the Ohio bar exam. But citing his recent pattern of affirmative concealment, the panel found that he failed to carry his burden of proving that he presently possesses the requisite character, fitness, and moral qualifications to practice law in this state. Therefore, the panel recommended that Winwood's pending applications be disapproved but that he be permitted to reapply as a candidate for the July 2018 bar exam. As noted above, the board

adopted the panel's findings of fact but recommended that Winwood be permitted to reapply as a candidate for the July 2019 bar exam.

**Disposition**

{¶ 8} An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). The applicant's record must justify "the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3). "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." *Id.*

{¶ 9} Here, the panel and board found and we agree that Winwood failed to provide complete and accurate information concerning his past criminal conduct on successive law-school applications and therefore made false statements by omission. *See* Gov.Bar R. I(11)(D)(3)(g) and (h). And despite having been advised to correct those misrepresentations in 2012, Winwood allowed them to stand uncorrected for another five years as he completed law school and sought admission to the Ohio bar. *See* Gov.Bar R. I(11)(D)(3)(i). Given the sheer number of Winwood's past criminal offenses, their relevance to the law-school admissions process, and the belated timing of Winwood's corrective disclosure, we agree that he has failed to carry his burden of proving by clear and convincing evidence that he possesses the requisite character, fitness, and moral qualifications for admission to the bar at this time.

{¶ 10} Accordingly, we disapprove Winwood's pending applications, and consistently with the panel's recommendation, we will permit him to reapply for the July 2018 or a later bar exam by filing new applications to register as a candidate for admission to the practice of law and to take the bar exam. Upon reapplication, he will be required to undergo a complete character-and-fitness investigation,

including an investigation and report by the National Conference of Bar Examiners, and demonstrate that he possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio.

Judgment accordingly.

KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

O'DONNELL, J., dissents, with an opinion joined by O'CONNOR, C.J.

_____

**O'DONNELL, J., dissenting.**

{¶ 11} Respectfully, I dissent.

{¶ 12} Consistent with the recommendation of the board, to which there is no objection by either party, I would permit this applicant to reapply for the July 2019 bar exam.

O'CONNOR, C.J., concurs in the foregoing opinion.

_____

Mark Ainsworth Winwood, pro se.

Harry G. Beyoglides Jr., for the Dayton Bar Association.

_____